JgFOIL, J.
This appeal challenges a trial court’s refusal to overturn a police jury’s denial of a liquor license. We affirm.
BACKGROUND
On March 29, 1999, Sandra Fernandez, the President of Sandi’s II, Ltd., filed this lawsuit against the Assumption Parish Police Jury, challenging the police jury’s denial of her application for a liquor license to operate a lounge. She challenged the constitutionality of an ordinance upon which the police jury based its denial of the permit, and sought a writ of mandamus ordering the police jury to issue the liquor license. Ms. Fernandez asserted that the ordinance was unconstitutional and invalidly enacted because it was enacted in violation of the Open Meetings Law, La. R.S. 42:4.1 et seq.
The record reflects that Sandi’s II applied to the police jury for a liquor license on January 5, 1999. The police jury placed the matter on its January 13, 1999 agenda. At its January 13th meeting, the police jury enacted Ordinance 99-01, which amended its existing liquor ordinance to prohibit a barroom within 500 feet of a church. Thereafter, the police jury denied the liquor license request for Sandi’s II on the basis that the proposed site was within 500 feet of a church. This suit followed.
The police jury filed a peremptory exception of prescription, urging that under La. R.S. 26:106, an aggrieved party has only ten days from notice of a local authorities’ liquor permit decision to file an appeal with a district court. In support of the exception, the police jury submitted the minutes of the January 27, 1999 meeting, which reflect that Mr. Sidney Moffett, Ms. Fernandez’s son-in-law, with whom Ms. Fernandez had a business arrangement with respect to the operation of Sandi’s II, was present and was informed that the police jury approved an amendment to the existing ordinance and could not issue the liquor permit. The police jury urged that Sandi’s II took no action on the permit denial until March 29, |s1999, despite having knowledge of the permit *126 denial for more than 10 days prior to filing suit, and therefore, the suit was prescribed.
The police jury also filed a motion for partial summary judgment, urging that an action complaining of a violation of the Open Meetings Law must be brought within 60 days of the action taken. Because Sandi II’s suit was filed more than 60 days after the ordinance was adopted, the police jury urged, any claims based on the alleged violation of the open meetings law should be dismissed.
Ms. Fernandez offered evidence of a police jury letter dated March 12, 1999, to Mr. Moffett, informing him that the police jury conducted further investigation and determined that there was in fact an organized church within 500 feet of the proposed liquor establishment, and the permit request was denied. Ms. Fernandez received a copy of this letter from the police jury by certified mail on March 19th or 20th.
The trial judge denied the exception of prescription. Thereafter, the police jury reurged the exception, introducing the deposition testimony of Ms. Fernandez. Therein, Ms. Fernandez revealed that her daughter, Jena, was married to Sidney Moffett and served as the secretary treasurer of Sandi’s II. She also admitted that on March 12, 1999, Jena faxed her a copy of the letter sent from the police jury to Mr. Moffet denying the permit request. The trial judge referred the prescription exception and the motion for partial summary judgment to the trial on the merits.
At trial, Ms. Fernandez attested that she and her son-in-law attended the police jury meeting on January 27, where they were informed that the liquor permit application had been denied. Ms. Fernandez again acknowledged that on March 12, 1999, she received a faxed copy of the letter to her son-in-law specifically stating that the permit application was denied.
Mr. Moffett testified that he and Ms. Fernandez entered into an agreement in the first week of January pursuant to which he would construct |4and lease a building on land he owned to Ms. Fernandez to operate Sandi’s II. Mr. Moffet also revealed that he is the owner of a barroom called Sandi’s, which is located in another Louisiana city.
At the conclusion of the trial on the merits, the trial court dismissed the lawsuit, finding that the proposed liquor establishment was located within 500 feet of an organized church. The trial court also granted the exception of prescription and motion for partial summary judgment, dismissing all claims based on the alleged violations of the Open Meetings Law and the constitutional challenges to the ordinance upon which the permit decision was based.
This appeal, taken by Sandi’s II, followed. Sandi’s II argues that the police jury violated the Open Meetings Law, and therefore, the law pursuant to which its permit denial was based is void. Sandi’s II also attacks the trial court’s conclusion that an organized church was in existence within 500 feet of the proposed lounge.
The police jury filed a motion to dismiss the appeal, urging that it had not been filed within ten days of the trial court’s judgment. This court referred the motion to the merits. We deny the motion, and address the merits of the appeal.
DISCUSSION
Louisiana Revised Statute 26:106, a provision of the Alcoholic Beverage Control Law, provides that a person aggrieved by a decision of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a de- *127 volutive appeal to a district court. In this case, the evidence established that Ms. Fernandez in fact was notified of the permit denial when she attended the January 27th meeting of the police jury and also received a copy of the letter to her son-in-law unequivocally stating that the permit request was denied on March 12, 1999, more than 10 days before the lawsuit was filed. Because Ms. Fernandez failed to file suit within 10 days of her knowledge of the permit decision, the lawsuit challenging the Ifipolice jury’s determination that a church existed within 500 feet of the proposed establishment was untimely, and the trial court correctly granted the exception of prescription on the merits of the police jury’s permit decision.
Furthermore, the trial court correctly dismissed the Open Meetings Law claims. Louisiana Revised Statute 42:9 provides that a suit to void any action taken in violation of the Open Meetings Law must be commenced within sixty days of the action. The sixty-day period provided for in this statute is a preemptive one. Kennedy v. Powell, 401 So.2d 453, 457 (La.App. 2nd Cir.), writ denied, 406 So.2d 607 (La.1981). Sandi’s II lost the right to attack the ordinance on these grounds when it failed to file suit within sixty days of January 13, 1999 as required by La. R.S. 42:9. Thus, the trial court correctly granted the motion for partial summary judgment in favor of the police jury.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.