I .DOWNING, J.
The Louisiana Department of Public Safety and Corrections (Department) appeals a judgment wherein the trial court, on the recommendation of its commissioner, reversed a finding of guilt against Mr. Larry Singleton, ordered expungement of the charge, reinstatement of good time, and reconsideration of his custody and job status, and dismissed the action at the Department’s cost. In so ordering, the trial court found that the Department denied Mr. Singleton due process and failed to abide by its own rules.
Regarding the Department’s rules, page 8 of the Disciplinary Rules and Procedures for Adult Inmates, Dec. 2000 edition, contains the following mandate:
The accusing employee must be summoned when the report is based solely on information from Confidential Informants!!.] (Emphasis in original.)
The only evidence presented against Mr. Singleton at his disciplinary hearing was an investigative report based on the reports of two confidential informants who overheard that Mr. Singleton was smuggling drugs into the prison. The Department did not summon the officer who made the report.
The Department reads a condition into the above mandate. It argues that it must summon the accusing employee only if the accused inmate so requests. It argues that to interpret the rule otherwise gives equal weight to the right to cross-examine and the right to call witnesses in defense.
Nonetheless, the language in the above rule is mandatory and fails to include the condition suggested by the Department. “Must” is mandatory language. Gregor v. Argenot Great Cent. Ins. Co., 01-1233, p. 4 (La.App. 4 Cir. 2/6/02), 817 So.2d 152, 155, affirmed in pertinent part, reversed in part, 02-1138 (La.5/20/03), 851 So.2d 959. And, “[I]f the rules are stated in mandatory language, they must be obeyed and followed.” Fegan v. Lykes Bros. S.S. Co., 198 La. 312, 322, 3 So.2d 632, 635 (1941). Accordingly, the trial court did not err when it ruled |3that the Department failed to follow its own rules when it failed to call the accusing officer whose report relied solely on the information of confidential informants.
Regarding the evidence the Department relied on in finding Mr. Singleton guilty of violating disciplinary rules, nothing in the record supports the reliability of this information (as opposed to the informants, themselves). The confidential informants based their information on overheard conversations. But from the record, we cannot determine whether Mr. Singleton or anyone else with actual knowledge was involved in these overheard conversations or whether the informants overheard the same or different conversations. We are provided no context for the informants’ reports. No drugs history or other corroborating evidence was found. On this basis, the trial court found, per its adopted commissioner’s report, that “[c]learly, the dearth of evidence in this case renders the Department’s decision to uphold the guilty verdict manifestly erroneous and arbitrary.”
In Chaisson v. Cajun Bag & Supply Co., 97-1225, pp. 12-13 (La.3/4/98), 708 So.2d 375, 382, the Louisiana Supreme Court concluded that for hearsay evidence to *557 qualify as “competent evidence” in administrative hearings, the evidence must have “some degree of reliability and trustworthiness” and be “the type that reasonable persons would rely upon.” The Chaisson court further held that “[t]his determination must be made on a case-by-case basis under the particular facts and circumstances.” Chaisson, 97-1225 at 13, 708 So.2d at 382.
We agree with the trial court that the statements provided by the confidential informants in the particular matter before us lack any degree of reliability or trustworthiness. Therefore, the trial court did not err in reversing the finding of guilt against Mr. Singleton and entering judgment accordingly.
|4We affirm the judgment of the trial court. Costs are assessed to the Department of Public Safety and Correction in the amount of two hundred eighty-five and 16/100 dollars ($285.16).
We issue this memorandum opinion in compliance with Uniform Rules — Courts of Appeal, Rule 2-16.1B.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.