SUSAN M. CHEHARDY, Judge.
 

 |2In early October of 2007, Shirley Sper-andeo was operating her automobile, with Johnathan Crayton as a passenger, on Gretna Boulevard near its intersection with Stumpf Boulevard. Jose Osabas was traveling in his vehicle on Stumpf Boulevard near the same intersection when the
 
 *270
 
 two vehicles collided. On October 6, 2008, Sperandeo and Crayton (“Plaintiffs”) filed a Petition for Damages in the Second Parish Court for the Parish of Jefferson. In their Petition, Plaintiffs allege that the accident occurred on October 4, 2007.
 

 On February 17, 2009, Osabas and his insurer, Progressive Insurance Company, (“Defendants”) filed a peremptory exception of prescription asserting that the accident in question had actually occurred on October 3, 2007. According to defendants, the Plaintiffs’ claims prescribed on Friday, October 3, 2008 so their Petition for Damages filed on October 6, 2008 was untimely. In opposition to the exception of prescription, Plaintiffs did state that the accident occurred on October 3, 2007. Plaintiffs argued, however, that the prescriptive period began on October 4, 2007 and ended on October 4, 2008, which was a legal holiday, and, thus, the prescription period ended on the next business day, October 6, 2008.
 

 [3The trial court heard argument on defendant’s exception of prescription on April 14, 2009. After hearing argument from counsel, the trial court sustained the exception of prescription and dismissed Plaintiffs’ lawsuit.
 

 An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission for trial. La. C.C.P. arts. 927 and 928(B). The exception of prescription must be specifically pleaded and may not be supplied by the Court. La. C.C.P. art. 927(B);
 
 Carter v. Haygood,
 
 04-0646 (La.1/19/05), 892 So.2d 1261, 1267.
 

 Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception.
 
 Campo v. Correa,
 
 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508. However, when the exceptor shows that the prescriptive period has passed, the burden shifts to the plaintiff to prove that prescription has been suspended, interrupted, or renounced.
 
 Dixon v. Houck,
 
 466 So.2d 57, 59 (La.App. 2 Cir.1985).
 
 See also, Wimberly v. Gatch,
 
 93-2361 (La.4/11/94); 635 So.2d 206, 211.
 

 On the trial of a peremptory exception of prescription pleaded prior to trial on the merits, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard.
 
 Waguespack v. Judge,
 
 04-137 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090. However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true.
 
 Cichirillo v. Avondale Indus., Inc.,
 
 04-2894 (La.11/29/05), 917 So.2d L424;
 
 Wagues-pack, supra.
 
 In the present ease, no evidence was introduced at the trial.
 
 [1]
 

 Delictual actions are subject to a libera-tive prescription of one year, which commences to run from the date injury or damage is sustained. La. C.C. art. 3492. “If a prescriptive period consists of one or more years, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription.” La. C.C. Art.
 
 *271
 
 3456. In order to determine the date that prescription accrues, one must know the date that prescription commences.
 

 Here, although the Plaintiffs aver in their Petition that the accident occurred in October 4, 2007, they also admit in them response to defendant’s exception of Prescription that the accident occurred on October 3, 2007.
 
 [2]
 
 Thus, the defendant showed that the prescription had accrued before the Plaintiffs filed their Petition and Plaintiffs did not meet their burden to prove that prescription had been interrupted, suspended, or renounced. Accordingly, we cannot say that the trial judge erred in sustaining Defendants’ exception of prescription.
 

 However, we point out the mandatory language of La. C.C.P. art. 934:
 

 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
 

 Further, La. C.C.P. art. 934 has been liberally applied in cases involving prescription.
 
 Omega Center for Pain Management, L.L.C. v. Omega Institute of Health, Inc.,
 
 07-558 (La.App. 5 Cir. 12/27/07), 975 So.2d 48, 51-52;
 
 Whitnell v. Menville,
 
 540 So.2d 304, 309 (La.1989). Here, the trial judge did not find that the grounds of the objection could not be removed by amendment of the petition.
 

 Accordingly, pursuant to La. C.C.P. art. 934, we find that the trial judge erred in dismissing Plaintiffs’ petition without ordering them to amend their petition within a reasonable period of time. Accordingly, we vacate the dismissal and remand this matter in order for the trial judge to allow amendment, within a reasonable time, before entering a dismissal with prejudice.
 

 AFFIRMED IN PART; VACATED IN PAR T; REMANDED.
 

 [1]
 

 . Although, both parties allegedly attached the Police Report of the accident to pleadings, that document is not in the appellate record. We ordered the Clerk of Court for the Second Parish Court to supplement the appellate record with any exhibits or attachments not already lodged with this Court but the Clerk was unable to locate any exhibits for this matter.
 

 [2]
 

 . An admission by a party in a pleading constitutes a judicial confession and is proof against the party making the admission.
 
 C.T. Traina, Inc. v. Sunshine Plaza, Inc.,
 
 03-1003 (La.12/3/03), 861 So.2d 156, 159. A judicial confession has the effect of waiving evidence as to the subject of its admission.
 
 Id.