STEPHEN J. WINDHORST, Judge.
| ^Appellant, Hotard’s Plumbing, Electrical, Heating & Air, Inc., appeals the trial court’s judgment granting appellees’, Monarch Homes, L.L.C. and Raymond B. Harney, II, exception of prescription. For the reasons that follow, the trial court’s judgment granting appellees’ exception of prescription is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Facts and Procedural History
On June 4, 2014, appellant filed a “Petition on Open Account” against appel-lees. Appellant’s petition alleged that ap-pellees were indebted to appellant in the amount of $15,237.83. Appellant claimed that appellees maintained an open account with appellant as set forth on the itemized statement of account and/or invoices attached to the petition. Despite amicable demand, appellees had not paid the balance due on this account. Appellant also claimed that more than 30 days had passed since the mailing of notice to appellees, correctly setting forth the amount owed and appellees were liable to appellant for attorney fees. Appellant | ¡¡further contended that in the alternative, appellees *393 were in breach of contract for failing to pay for plumbing services appellant was contracted to perform. Attached to the petition were two separate invoices from two separate plumbing service jobs.[1] The first invoice provided that the starting date of the job was “6/15/06.” The invoice also provided that the full amount was .due after completion. The invoice listed the plumbing services to be provided and itemized the costs of the services performed by appellant. The invoice stated that the plumbing services were for work performed at Ray Harney’s personal home located at 100 Plum Street, Hahnville. The second invoice was dated .“9/1/2010” for a project located at “Lot 241(306) South Pass, LaPlaee.” The. invoice itemized plumbing services and the cost of the services performed by appellant.
In response to the petition, appellees filed an exception of prescription. Appel-lees argued that appellant’s petition was on open account and thus, subject to the liberative prescriptive period of three years pursuant to La. C.C. art. 3494, Ap-pellees claimed that appellant’s petition was filed more than three years after the work was completed. After a hearing, the trial court granted appellees’ exception of prescription.
Discussion
At the hearing of an exception of prescription, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Sperandeo v. Osabas, 09-627 (La.App. 5 Cir. 02/09/10), 33 So.3d 269, 270. However, in the absence of evidence, Lthe exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Quinn v. La. Citizens Prop. Ins. Corp., 12-0152 (La.11/02/12), 118 So.3d 1011, 1017; Cichirillo v. Avondale Indus., Inc., 04-2894 (La.11/29/05), 917 So.2d 424, 428; Waguespack v. Judge, 04-137 (La.App. 5 Cir. 06/29/04), 877 So.2d 1090, 1092.
Generally, the mover bears the burden of proof at the trial of the peremptory exception. Taranto v. La. Citizens Prop. Ins. Corp., 10-0105 (La.3/15/11), 62 So.3d 721, 726; Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 508. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. Taranto, 62 So.3d at 726; Campo, 828 So.2d at 508.
■ In this appeal, Appellant argues that, in addition to a suit on open account, the petition also sets forth a claim for breach of contract, which is subject to the libera-tive prescriptive period of ten years. Accordingly, appellant contends the trial court erred in finding its claim for breach of contract was prescribed.
La. R.S. 9:2781 A provides that “When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.” Subsection D of the statute defines an open account as including “any account for which a part or all the balance is past due, whether or not the account reflects one or more transactions and whether or *394 not at the time of contracting the parties expected future transactions.” Subsection D further provides that an open account “shall include debts incurred for professional services.”
IsA contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. A contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent. La. C.C. art. 1927. .
La. C.C. art. 3499 provides that “Unless otherwise provided by legislation, a'personal action is subject to a liberative prescription of ten years.” Breach. of contract claims are .personal actions subject to a prescriptive period' of ten years. However, La. C.C. art. 3494 “constitutes a legislative limitation on the remedies available to a plaintiff who brings certain enumerated personal actions more than three years after the cause of action arose.” Starns v. Emmons, 538 So.2d 275, 277 (La.1989). A suit on open account is subject to a libera-tive prescriptive period of three years. La. C.C. 3494. The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Starns, 538 So.2d at 277. A review of the petition and annexed documents reveal that appellant’s petition states a cause of action on an open account and for breach of contract.
In the present case, neither party introduced evidence at the hearing on ap-pellees’ exception of prescription.[2] Because no evidence was presented at the hearing on the exception of prescription, the trial court was required to rely upon the allegations in the petition. The petition alleges a cause of action for a suit on an- open account and for a breach of contract. The trial'court, however, made no findings of fact as to whether this was an open account or a breach of contract, and it is therefore not' possible for this court to determine whether the trial court erred lain granting the exception of prescription in the absence of the introduction of evidence. Accordingly, we vacate the trial court’s ruling and remand this matter to the trial court for the purpose of receiving evidence and establishing a record on the issue- of whether the agreement between the parties was an open account or a contract.
Conclusion
Accordingly, for the reasons stated above, the trial court’s judgment granting appellees’ exception of prescription is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED

. Any annexed documents or exhibits are considered part of the petition, with all-well-pled allegations of fact accepted as true. Donnaud’s Inc. v. Gulf Coast Bank & Trust Co., 03-427 (La.App. 5 Cir. 09/16/03), 858 So.2d 4, 6.

. At the hearing, appellees referred to, and the trial court considered, a final certificate of completion attached to appellees’ exception. However, appellees did not introduce the certificate into evidence and thus, it was not properly before the trial court. . Therefore, we do not consider the Certificate in this appeal.