COUNSEL FOR PLAINTIFF/APPELLANT, HOLLICE SPURLOCK, JR., J. Michael Daly, Jr.
COUNSEL FOR DEFENDANT/APPELLEE, OCHSNER MEDICAL CENTER - KENNER, LLC, Dax C. Foster, Brett M. Dupuy
Panel composed of Judges Susan M. Chehardy, Robert A. Chaisson, and Hans J. Liljeberg
LILJEBERG, J.
In this medical malpractice action, plaintiff seeks review of the trial court's judgment sustaining the defendant health care provider's exception of prescription and dismissing his medical review proceedings with prejudice. For the following reasons, we vacate the trial court's judgment and remand for further proceedings.
PROCEDURAL HISTORY
According to the parties, on December 22, 2017, plaintiff, Hollice Spurlock, Jr., filed a request for a medical review panel with the Division of Administration alleging that defendant, Ochsner Medical Center-Kenner, L.L.C. ("Ochsner"), breached the standard of care during his treatment by failing to properly cleanse his chemotherapy port, causing the port to become clogged and resulting in blood clots. In his request, Mr. Spurlock contends that the date of discovery of the alleged malpractice was December 26, 2016.
On March 14, 2018, Ochsner filed a "Petition to Institute Discovery," pursuant to La. R.S. 40:1231.8, et seq. , requesting to use the processes of the court for the purpose of obtaining evidence for presentation before the medical review panel. Thereafter, on May 18, 2018, Ochsner filed an exception of prescription, asserting that Mr. Spurlock's claims against it were prescribed pursuant to La. R.S. 9:5628(A), because his request for a medical review panel was filed more than one year after the date Mr. Spurlock knew or should have known of the alleged malpractice. Ochsner argued that although Mr. Spurlock stated in his request for a medical review panel that his port malfunctioned and was removed in December of 2016, medical records show that this actually occurred in December of 2015.
Mr. Spurlock filed a memorandum in opposition to the exception, asserting for the first time that he did not discover the alleged malpractice until January of 2017 when the effects of chemotherapy were over and he discussed his symptoms with fellow cancer patients. He then filed a supplemental opposition memorandum, attaching an affidavit in which Mr. Spurlock indicated that his doctors told him the port malfunction and resulting blood clots were "normal complications" and that he did not discover the malpractice until January *340 of 2017 when he spoke with other cancer patients at a meeting.
The trial court held a hearing on the exception of prescription on August 22, 2018, at which the parties presented argument only. At the conclusion of the hearing, the trial court granted the exception of prescription, finding that the "documentary evidence establishes that a reasonable person should have known" of the possibility of malpractice when he was told that the port malfunctioned and had to be removed. On September 10, 2018, the trial court signed a written judgment dismissing the medical review proceedings with prejudice. Mr. Spurlock appeals.
DISCUSSION
On appeal, Mr. Spurlock asserts that the trial court erred by granting Ochsner's exception of prescription. He asserts that a reasonable person would not have known of the malpractice when the chemotherapy port malfunctioned and had to be removed, because his doctors indicated that this was a known complication. He asserts that he did not know of the alleged malpractice until he discussed his symptoms with fellow cancer patients in January of 2017 and that the doctrine of contra non valentum should apply, making his request for a medical review panel timely.
Ochsner responds that Mr. Spurlock indicated in his request for a medical review panel that he learned of the alleged malpractice when the port was removed due to malfunction and blood clots, and the medical records demonstrate that this occurred in December of 2015. It argues that Mr. Spurlock's claims have clearly prescribed and that it was "self-serving" for him to change the date of discovery to January of 2017 after Ochsner noted that the port was removed in December of 2015, not 2016 as alleged in the complaint.
La. R.S. 9:5628(A) provides that the prescriptive period for a medical malpractice action is one year from the date of the alleged act or one year from the date of discovery, with the qualification that the discovery rule is made inapplicable after three years from the act or omission. Campo v. Correa , 01-2707 (La. 6/21/02), 828 So.2d 502, 510 ; Jimerson v. Majors , 51,097 (La. App. 2 Cir. 1/11/17), 211 So.3d 651, 655. The prescriptive period will begin to run even if the injured party does not have actual knowledge of the facts that would entitle him to bring a lawsuit as long as there is constructive knowledge. Campo , 828 So.2d at 509. Constructive knowledge is "whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." Id. ; Bertoniere v. Jefferson Parish Hosp. Service Dist. No. 2 , 07-301 (La. App. 5 Cir. 10/30/07), 972 So.2d 328, 332, writ denied , 07-2276 (La. 2/15/08), 976 So.2d 177.
La. C.C.P. art. 931 provides that at the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Hotard's Plumbing, Elec. Heating and Air, Inc. v. Monarch Homes, L.L.C. , 15-180 (La. App. 5 Cir. 3/16/16), 188 So.3d 391, 393. In the absence of evidence, an exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. Cichirillo v. Avondale Industries, Inc. , 04-2894 (La. 11/29/05), 917 So.2d 424, 428 ; Sperandeo v. Osabas , 09-627 (La. App. 5 Cir. 2/9/10), 33 So.3d 269, 270. When an exception of prescription is filed during the medical review panel stage of the proceedings, the request for a medical review panel is considered the petition to be reviewed for timeliness. Primus v. Touro Infirmary , 05-662 (La. App. 4 Cir. 1/25/06), 925 So.2d 609, 610-611 ;
*341 In re Medical Review Panel Proceedings of Ouder , 07-1266 (La. App. 1 Cir. 5/2/08), 991 So.2d 58, 60.
In the present case, the Petition to Institute Discovery does not contain the date of discovery of the alleged malpractice, and the request for a medical review panel was not attached or filed along with this petition. In support of its exception of prescription, Ochsner filed a copy of the medical review panel request along with some of Mr. Spurlock's medical records from December of 2015, reflecting the malfunction and removal of the port. However, neither these documents nor any other evidence was introduced at the hearing on the exception of prescription.
Evidence not properly offered and introduced cannot be considered, even if it was physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc. , 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. ; Caro v. Bradford White Corp. , 96-120 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 618.
Because the request for a medical review panel was not included in the filing of the petition or introduced at the hearing, and the petition does not indicate the date Mr. Spurlock discovered the alleged malpractice, we are unable to determine whether Mr. Spurlock's medical malpractice claims are prescribed on the face of the request for review. Further, because neither party introduced any evidence at the hearing, we have no evidence to review and cannot consider the merits of Ochsner's exception of prescription.
Accordingly, we find that the trial court erred by granting the exception of prescription in the absence of properly admitted evidence. We vacate the trial court's judgment and remand for further proceedings.
DECREE
For the foregoing reasons, we vacate the trial court's judgment on the exception of prescription and remand for further proceedings consistent with this opinion.
VACATED AND REMANDED