THE DESCENDANTS PROJECT

VERSUS

PORT OF SOUTH LOUISIANA, RYAN
BURKS, AND D. PAUL ROBICHAUX

NO. 24-C-121

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 79,170, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

June 20, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel

**<u>JUDGMENT REVERSED; EXCEPTION OF PEREMPTION</u>**
**<u>SUSTAINED</u>**
> **SJW**
> **JJM**
> **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
THE DESCENDANTS PROJECT
    William B. Most
    David J. Lanser

COUNSEL FOR DEFENDANT/RELATOR,
PORT OF SOUTH LOUISIANA, RYAN BURKS, AND D. PAUL ROBICHAUX
    Peter J. Butler, Jr.
    Richard G. Passler
    Kayla M. Jacob

**WINDHORST, J.**

Defendants, Port of South Louisiana ("the Port"), Ryan Burks, and D. Paul Robichaux,[1] seek review of the trial court's February 9, 2024 judgment overruling their exceptions of peremption, lack of subject matter jurisdiction, and no cause of action and denying their motion for summary judgment. For the reasons stated herein, we grant defendants' writ application, reverse the trial court's February 9, 2024 judgment, sustain defendants' exception of peremption, and dismiss plaintiff's claim against defendants with prejudice.

**PROCEDURAL BACKGROUND**

On January 25, 2023, plaintiff, The Descendants Project, filed this lawsuit which claims that defendants violated Louisiana's Open Meeting Law, La. R.S. 42:11, *et seq.* (the "OML"), and alleges that the Port and its Board of Commissioners ("the Commission") convened via email to discuss and predetermine the result of the public vote regarding the "Cooperative Endeavor and Payment in Lieu of Tax Agreement" (the "Agreement") and then voted in favor of the Agreement at the April 6, 2022 open meeting. The petition prayed for the following relief: (1) declaratory judgment; (2) a judgment declaring the vote void under La. R.S. 42:24; (3) a judgment awarding civil penalties under La. R.S. 42:28; and (4) an award of costs and attorney's fees.

In response, defendants filed exceptions of peremption, lack of subject matter jurisdiction, and no cause of action, or alternatively, motion for summary judgment. Plaintiff filed an opposition. On February 9, 2024, after an evidentiary hearing, the trial court overruled defendants' exceptions and denied their motion for summary judgment. This writ application followed.

---

[1] Defendant the Port of South Louisiana, is a political subdivision of the State of Louisiana, R.S. 34:2471 A, and the two individual defendants, Ryan Burks and D. Paul Robichaux, are two of the Commissioners.

24-C-121                                          1

**LAW and ANALYSIS**

*Exception of Peremption*

Defendants contend the trial court erred in overruling their exception of peremption by applying a non-existent discovery provision to the peremptive period of La. R.S. 42:24. Under the plain language of the statute and jurisprudence, defendants argue that La. R.S. 42:24 is a peremptive period and therefore, a claim alleging a violation of the OML must be filed within sixty days of the action. In this case, defendants assert that the alleged violation of the OML occurred at the April 6, 2022 open meeting. Defendants contend that plaintiff had until June 6, 2022,[2] to commence the instant proceeding. Accordingly, defendants assert that plaintiff's petition filed on January 25, 2023 was perempted.

In opposition, plaintiff contends the April 6, 2022 open meeting appeared to the public to be the first time the Commission gathered to discuss and vote on the Agreement. On November 30, 2022, plaintiff sent a public records request to the Assessor for St. John the Baptist Parish, Lucien J. Gauff, III, which requested "[a]ll correspondence between your office and Greenfield Louisiana, LLC, the Port of South Louisiana, or any other person regarding the proposed grain elevator project." In response to the request, plaintiff contends that on December 8, 2022, it received email correspondence between the Commission, the Port, and the Assessor, and learned for the first time that the Commission had met and discussed the Agreement before the public meeting via email correspondence and decided how to vote prior to passage of the Agreement at the April 6, 2022 open meeting.[3] Plaintiff contends the emails were not available to the public prior to the public records request and no member of the public had any reason to believe the Commission conspired over

---

[2] Because the 60th day after April 6, 2022 fell on a Sunday (*i.e.*, June 5, 2022), plaintiff had until Monday, June 6, 2022 to file this proceeding. La. C.C.P. arts. 13 and 5059.

[3] Plaintiff asserts that it also received additional email correspondence from the Port which showed further discussions between the Commission members prior to the open meeting.

email prior to reviewing those emails. Plaintiff asserts that the issues in this case "appear to be ones of first impression" and "other statutes with preemptive periods have included a discovery provision." Plaintiff argues the "discovery rule" should apply in this case because although "open meetings violations typically occur at public meetings, making it clear when the peremptive period would initiate, . . . here the rule must be adapted for violations occurring behind-the-scenes." Consequently, plaintiff contends that the peremptive period in this case commenced to run when it received the correspondence from the public records request (*i.e.*, when plaintiff discovered or should have discovered the alleged act, omission or neglect).[4] Therefore, plaintiff contends that its petition was timely filed.

The issue before this court is whether the provisions under the OML are subject to a peremptive and/or prescriptive period for commencement of a suit alleging a violation of the OML.

Peremptive and prescriptive periods are established by the legislature. La. C.C. arts. 3457 and 3458; Succession of Lewis, 22-79 (La. 10/21/22), 351 So.3d 336, 340. The interpretation of a statute is a question of law and is reviewed by this court under a *de novo* standard of review. Id.; Red Stick Studio Development, L.L.C. v. State ex rel. Dept. of Economic Development, 10-193 (La. 01/19/11), 56 So.3d 181, 187; Clark v. Wal-Mart Stores, Inc., 18-52 (La. App. 5 Cir. 10/31/18), 259 So.3d 516, 521. The appropriate starting point for the interpretation of any statute is the language of the statute itself. Clark, 259 So.3d at 521; Gloria's Ranch, L.L.C. v. Tauren Exploration, Inc., 17-1518 (La. 06/27/18), 252 So.3d 431, 445. When the wording of a law is clear and unambiguous and does not lead to absurd consequences, the law shall be applied as written and no further interpretation may

---

[4] In support of its argument that a discovery provision exists as to La. R.S. 42:24, plaintiff cites to cases involving La. R.S. 9:5606 (actions for professional insurance agent liability) and La. R.S. 9:5605 (actions for legal malpractice). La. R.S. 9:5606 and La. R.S. 9:5605 are distinguishable from the statute in this case, in that those statutes specifically include a discovery provision and a peremptory provision.

be made in search of the intent of the legislature. La. C.C. art. 9; Rizzo v. Louisiana Office of Alcohol and Tobacco Control, 21-304 (La. App. 5 Cir. 08/05/22), 347 So.3d 1131, 1140; Clark, 259 So.3d at 521-522. When the wording of a statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4; Rizzo, 347 So.3d 1131, 1140. When interpreting the revised statutes, courts shall read and construe statutory words and phrases in their context and in accordance with the common and approved usage of the language. La. R.S. 1:3; La. C.C.P. art. 5053; Clark, 259 So.3d at 522.

In construing statutory language, it is presumed that those who enact statutory provisions act deliberately and with full knowledge of the existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, and with knowledge of the effect of their acts and a purpose in view. Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC, 23-483 (La. 10/20/23), 379 So.3d 615, 619; Hunter v. Morton's Seafood Restaurant & Catering, 08-1667 (La. 03/17/09), 6 So.3d 152, 155-156.

Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, this right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. Thus, nothing may interfere with the running of a peremptive period. Simon v. Mid South Developers, Inc., 22-585 (La. App. 5 Cir. 10/04/23), 374 So.3d 176, 180. A peremptive period may not be renounced, interrupted, or suspended, except as otherwise provided by the law. La. C.C. art. 3461. As a result, the doctrine of *contra non valentem* does not apply to peremptive periods. Succession of Lewis, 351 So.3d at 340, fn.7; Teague v. St. Paul Fire and Marine Ins. Co., 07-1384 (La. 02/01/08), 974 So.2d 1266, 1274, fn.4; Reeder v. North, 97-239 (La. 10/21/97), 701 So.2d 1291, 1295.

The objection of peremption is raised by a peremptory exception. La. C.C.P. art. 927 A(2). "Peremption has been likened to prescription; namely, it is

prescription that is not subject to interruption or suspension." <u>Rando v. Anco Insulations Inc.</u>, 08-1163, 08-1169 (La. 05/22/09), 16 So.3d 1065, 1082. For that reason, the rules that govern the burden of proof as to prescription also are applicable to peremption. <u>Id.</u> Generally, the party pleading an exception of prescription bears the burden of proving that the action has prescribed. <u>Baker v. Louisiana Citizens Property Ins. Corp.</u>, 12-480 (La. App. 5 Cir. 05/16/13), 119 So.3d 69, 72. However, when the petition is prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. <u>Id.</u>

The standard of review of a judgment sustaining an exception of prescription turns on whether evidence is introduced at the hearing. <u>Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.</u>, 21-61 (La. 12/10/21), 333 So.3d 368, 373; La. C.C.P. art. 931. In the absence of evidence, the exception "must be decided upon the facts alleged in the petition with all of the allegations accepted as true." <u>Mitchell</u>, 333 So.3d at 373, citing <u>Lomont v. Bennett</u>, 14-2483 (La. 06/30/15), 172 So.3d 620, 627. When no evidence is introduced, the reviewing court determines whether the trial court was legally correct in its finding. <u>Mitchell</u>, 333 So.3d at 373; <u>Desi v. Thomas Jefferson Construction Corporation</u>, 19-502 (La. App. 5 Cir. 10/05/20), 304 So.3d 1068, 1072.

When evidence is introduced, a court need not accept the allegations of the petition as true, and the trial court's decisions are to be reviewed under the manifest error-clearly wrong standard of review. <u>Mitchell</u>, 333 So.3d at 373; <u>Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC</u>, 15-180 (La. App. 5 Cir. 03/16/16), 188 So.3d 391, 393. However, a caveat to this rule is that, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review, and give no deference to the trial court's legal conclusions. <u>Mitchell</u>, 333 So.3d at 373; <u>Desi</u>, 304 So.3d at 1072.

Because there is no dispute regarding material facts and the interpretation of a statute is at issue, this court's review is *de novo*. Plaintiff concedes that on its face, the petition was filed more than sixty days from the alleged OML violation. Thus, plaintiff had the burden of proving its claim was not perempted. Plaintiff asserted, without any authority, that La. R.S. 42:24 was subject to a "discovery period," and thus, the petition was timely filed. We find plaintiff did not meet its burden.

La. R.S. 42:24 provides:

> Any action taken in violation of this Chapter shall be voidable by a court of competent jurisdiction. A suit to void any action **must be commenced within sixty days of the action**. [Emphasis added.]

Additionally, La. R.S. 42:28 provides:

> Any member of a public body who knowingly and wilfully participates in a meeting conducted in violation of this Chapter shall be subject to a civil penalty not to exceed five hundred dollars per violation. The member shall be personally liable for the payment of such penalty. A suit to collect such penalty **must be instituted within sixty days of the violation**. [Emphasis added.]

In discussing the time period set forth in the OML, our state courts have held that the legislature limited the time period in which an aggrieved party may challenge the actions of a public body "to insure a degree of certainty in the actions of the public body." Greemon v. City of Bossier City, 10-2838 (La. 07/01/11) 65 So.3d 1263, 1272; Kennedy v. Powell, 401 So.2d 453 (La. App. 2 Cir. 1981), writ denied, 406 So.2d 607 (La. 1981). A review of the OML statutes shows the legislature used the word "must" when describing the time period a party is required to file a suit for a violation of the OML. The word "must" is mandatory language. See Singleton v. State, Dept. of Public Safety & Corrections ex rel. Elayn Hunt Correctional Center, 03-1294 (La. App. 1 Cir. 04/02/04), 878 So.2d 555, 556; Gregor v. Argenot Great Central Ins. Co., 01-1233 (La. App. 4 Cir. 02/06/02), 817 So.2d 152, 155, affirmed in pertinent part, rev'd in part, 02-1138 (La. 05/20/03), 851 So.2d 959.

Thus, the clear and unambiguous language of La. R.S. 42:24 requires a party seeking to void any action taken in violation of the OML to commence a lawsuit within sixty days of the action. Likewise, a party seeking to collect civil penalties against any member of a public body who knowingly and willfully participates in a meeting conducted in violation of the OML is required to file a lawsuit within sixty days of the violation.

There is no legal authority to support plaintiff's purported discovery exception to the sixty-day period in which an action alleging a violation of the OML must be filed. To the contrary, the limited jurisprudence establishes that the sixty-day period is peremptive, not prescriptive. See Rushing v. Southeastern Louisiana University, 22-32 (La. App. 1 Cir. 09/16/22), 2022WL4286824 (unpublished opinion),[5] writ denied, 22-1723 (La. 02/14/23), 355 So.3d 618; Stewart v. Department of Public Safety and Correctional, 19-1205 (La. App. 1 Cir. 05/11/20), 303 So.3d 352, 356; Sandi's II, Ltd. v. Assumption Parish Police Jury, 01-2819 (La. App. 1 Cir. 12/31/02), 837 So.2d 124, 127; Hoffpauir v. State, Dept. of Public Safety and Corrections, 99-1089 (La. App. 1 Cir. 06/23/00), 762 So.2d 1219, 1222, writ denied, 20-2230 (La. 10/27/00), 772 So.2d 652; Kennedy v. Powell, 401 So.2d 453, 457 (La. App. 2 Cir. 1981), writ denied, 406 So.2d 607 (La. 1981).

Applying the law and jurisprudence to this case, we find that plaintiff's January 25, 2023 petition was filed more than sixty days from the alleged OML violation (*i.e.*, the vote at the April 6, 2022 open meeting). Accordingly, we conclude that plaintiff's claims against defendants are perempted.

---

[5] La. C.C.P. art. 2168 provides:

  A. The unpublished opinions of the supreme court and the courts of appeal shall be posted by such courts on the Internet websites of such courts.
  B. Opinions posted as required by this Article may be cited and, if cited, shall be cited by use of the case name and number assigned by the posting court.

The Louisiana First Circuit Court of Appeal posts unpublished opinions and writ decisions on its website. Accordingly, these opinions may be cited as authority. See Cook v. Cook, 21-1558 (La. App. 1 Cir. 07/07/22), 344 So.3d 670, 672, fn.2.

Alternatively, plaintiff argues that if this court finds that peremption applies to its causes of action for civil penalties under La. R.S. 42:28 and to rendering an action void under La. R.S. 42:24, the petition also sets forth separate and distinct causes of action, and not all of its causes of action are subject to the sixty-day peremptive period. Specifically, plaintiff asserts its causes of action for declaratory relief and attorney's fees[6] are not subject to the sixty-day period, and therefore, those claims would not be perempted. We find this argument to be without merit.

The various remedies for an enforcement proceeding regarding a violation of the OML are set forth in La. R.S. 42:26, as follows:

> A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
>
> > (1) A writ of mandamus.
> >
> > (2) Injunctive relief.
> >
> > (3) Declaratory judgment.
> >
> > (4) Judgment rendering the action void as provided in R.S. 42:24.
> >
> > (5) Judgment awarding civil penalties as provided in R.S. 42:28.

Under the OML, a plaintiff's cause of action may rest upon a single occurrence or multiple occurrences. See Hoffpauir, 762 So.2d at 1222. In Hoffpauir,[7] the plaintiffs argued that their petition set forth five separate causes of action under the OML for "Nullity, Damages, Writ of Mandmus, Declaratory

---

[6] La. R.S. 42:26 provides for awards of attorney's fees if the party that brings the enforcement proceeding prevails, or prevails in part. Because we find the plaintiff's petition is perempted, plaintiff is not entitled to attorney's fees.

[7] Hoffpauir was decided under the prior designations of La. R.S. 42:9 and R.S. 42:11. R.S. 42:9 of the OML provided:

> Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. *A suit to void any action must be commenced within sixty days of the action.*

La. R.S. 42:9 was redesignated and amended as La. R.S. 42:24 by Acts 2010, No. 861, §23. The amendment and redesignation of the statute from La. R.S. 42:9 to La. R.S. 42:24 did not change the substance of the law. La. R.S. 42:11 of the OML provided, in pertinent part:

> A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
> (1) A writ of mandamus.
> (2) Injunctive relief.
> (3) Declaratory judgment.
> (4) Judgment rendering the action void as provided in R.S. 42:9.
> (5) Judgment awarding civil penalties as provided in R.S. 42:13.

When La. R.S. 42:11 was redesignated to La. R.S. 42:26 by Acts 2010, No. 861, §23, the substance of the statute was not changed.

Judgment, Preliminary and Permanent Injunction." Id. The plaintiffs contended that the trial court's recognition of the sixty-day period as a peremptive provision, not prescriptive, could only bar their nullity claim under the enforcement provision of the OML. Id. The appellate court held that although the enforcement provision of the OML provides various remedies for an OML violation, "the cause of action *may* rest upon a single occurrence." Id. The appellate court found that the alleged violation in Hoffpauir was a board member's improper voting procedure and "[p]laintiffs' attempt to characterize their cause of action based upon the availability of different remedies does not change our conclusion that their single cause of action is now barred by peremption." Id.

In the instant case, the alleged violation involves the Commission's vote in favor of the Agreement at the April 6, 2022 meeting, which is a *single* violation. Plaintiff's untimely suit, based on a single alleged violation, is barred by peremption. Like the court in Hoffpauir, we find that plaintiff cannot circumvent the sixty-day peremptive period by attempting to characterize each of the various remedies for enforcement provided by La. R.S. 42:26 A (1) through (5) as separate and distinct causes of action. When no suit is filed during the peremptive period, the various remedies which provide redress for the unproven violation are likewise barred by peremption.

### *Exceptions of Lack of Subject Matter Jurisdiction and No Cause of Action, or alternatively, motion for summary judgment*

Because we find plaintiff's claim against defendants is perempted, we pretermit any discussion of defendants' assignments of error regarding the trial

court's judgment overruling their exceptions of lack of subject matter jurisdiction and no cause of action, and denying their motion for summary judgment.

**DECREE**

Accordingly, we grant defendants' writ application, reverse the trial court's February 9, 2024 judgment, sustain defendants' exception of peremption, and dismiss plaintiff's claim against defendants with prejudice.

**<u>JUDGMENT REVERSED; EXCEPTION OF PEREMPTION SUSTAINED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-C-121

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (RESPONDENT)       WILLIAM B. MOST (RESPONDENT)       PETER J. BUTLER, JR. (RELATOR)
RICHARD G. PASSLER (RELATOR)

**MAILED**
DAVID J. LANSER (RESPONDENT)       KAYLA M. JACOB (RELATOR)
ATTORNEY AT LAW                    ATTORNEY AT LAW
201 ST. CHARLES AVENUE             909 POYDRAS STREET
SUITE 2500 NO. 9685                SUITE 1500
NEW ORLEANS, LA 70170              NEW ORLEANS, LA 70112