956 So.2d 20 (2007)
Elizabeth B. BLACK & Karen I. Brown
v.
Dequetta ANDERSON, Vonetta A. Brown, United Services Auto Insurance, ABC Insurance Company.
No. 06-CA-891.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
*21 J. Douglas Sunseri, Dawn Danna Marullo, Nicaud, Sunseri & Fradella, L.L.C., Metairie, Louisiana, for Plaintiff/Appellant, Elizabeth B. Black.
Patrick D. DeRouen, Laurie L. DeArmond Porteous, Hainkel & Johnson, New Orleans, Louisiana, for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Plaintiff Elizabeth Black appeals a judgment dismissing her claims against her uninsured/underinsured motorists insurance carrier, State Farm Mutual Automobile Insurance Company. We affirm.
FACTS
The record shows that Elizabeth B. Black and Karen I. Brown filed suit against Dequetta Anderson; Vonetta A. Brown; United Services Auto Insurance ("USAA"), liability carrier for Anderson; and ABC Insurance Company as liability carrier for Vonetta Brown. The plaintiffs sought recovery for injuries arising out of a January 22, 2004 collision between a vehicle owned and operated by Elizabeth Black was and a vehicle owned by Dequetta Anderson and operated by Vonetta A. Brown. Karen I. Brown was a guest passenger in Elizabeth Black's vehicle at the time of the accident. The petition alleged that Vonetta Brown was grossly negligent, but made no allegation against Anderson except that she was owner of the vehicle negligently driven by Vonetta Brown and that USAA was Anderson's automobile insurance carrier. The plaintiffs later voluntarily dismissed their petition as to Anderson without prejudice.
On December 13, 2005, Black filed a First Supplemental and Amending Petition, in which she named State Farm Mutual Automobile Insurance Company ("State Farm") as her automobile liability carrier and uninsured/underinsured motorists insurance (UM) carrier. She alleged that State Farm is liable to her in "an amount greatly in excess of $50,000 . . . for reasons stated in petitioner's original Petition for Damages." Karen Brown did not join Black in the supplemental and amending petition against State Farm.
On May 4, 2006, the plaintiffs filed a Full and Final Motion to Dismiss, With Prejudice that incorporated an order of dismissal. It stated as follows:
On motion of Elizabeth B. Black and Karen I. Brown, plaintiffs in the above and [sic] entitled and numbered matter, through the undersigned counsel of record, here and [sic] who desires [sic] to dismiss the said CAUSE with prejudice, with USAA to pay court costs associated with the bringing of this action.
All costs and commissions due the Clerk of court of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, have been paid as evidenced by the certificate of that officer annexed hereto and made a part of this motion.
IT IS ORDERED, ADJUDGED AND DECREED, that the above entitled and numbered CAUSE be and the same is hereby DISMISSED, with prejudice, with USAA to pay court costs associated with the bringing of this action. [Boldface, capitals and underlining in original.]
The district court signed the order of dismissal on February 7, 2006.
On May 6, 2006, State Farm filed a Motion for Order of Full and final Dismissal With Prejudice. In it, State Farm requested the court to enter an order stating *22 that the plaintiffs' Full and Final Motion to Dismiss, With Prejudice, signed by the court on February 7, 2006, constitutes a full and final dismissal of any and all causes of action asserted by the plaintiffs, specifically Elizabeth B. Black, against her alleged uninsured/underinsured motorist carrier, State Farm Mutual.
State Farm asserted that because the motion and order to dismiss did not reserve plaintiff's rights to proceed against any other party or person, named or not named, specifically State Farm, the action brought against State Farm as Black's alleged uninsured/underinsured motorist carrier, should be dismissed with full prejudice and plaintiffs precluded from asserting any further claims against State Farm.
Black filed an opposition to the State Farm's motion, and State Farm filed a supplemental memorandum in support of its motion. Both parties attached various documents to their pleadings as exhibits. State Farm attached a copy of the General Release, Receipt and Indemnity Agreement signed by Elizabeth Black on January 10, 2006.
There was a hearing on State Farm's motion to dismiss on June 30, 2006. Counsel for both sides argued to the court and referred to language in the settlement agreement that preceded the filing of the Full and Final Motion to Dismiss, but no evidence was admitted on the record.
On August 2, 2006 the trial court granted State Farm's motion, thereby dismissing Black's UM claim with prejudice. In written reasons for judgment, the court said:
The issue before the Court is whether the language contained in the dismissal clearly evidenced an intention to release State Farm. The Court concludes it did. After a close review and analysis of the language, the Court finds it to be so broad it covers any liability of any persons arising from this accident. Furthermore, plaintiff neither struck out the expansive language nor made any attempt to limit it to USAI [sic] and the defendant.
Black appeals.
ASSIGNMENTS OF ERROR
On appeal Black contends the trial court erred because the law no longer requires that a party who enters into a transaction or compromise with one of several obligors must expressly reserve rights against co-obligors. Thus, Black asserts, under La. C.C. art. 1803 a transaction or compromise with one obligor does not terminate a solidary obligation, but merely benefits the other solidary obligors for the portion of the released obligor. Black also contends the settlement documents should be interpreted according to the parties' true intent, and her supplemental petition against State Farm shows she never intended to release her UM carrier when she released USAA. Finally, she argues the trial court erred when it failed to apply the exception to the prohibition against submitting parol evidence to determine the intent of the parties.
In response to Black's appeal, State Farm asserts the trial court did not err in finding that the language contained in the settlement documents was so broad it covered the liability of any person arising from the subject accident. Specifically, the plaintiff executed a release that released all claims against any persons who might be responsible for the acts or omissions of the tortfeasors, at no time limiting or editing the language of the release to reserve any and all rights that she may have had to proceed against State Farm. Further, the plaintiff executed a specifically-drafted release, not a preprinted form release, requiring that the release be given its full legal effect. State Farm further *23 contends the trial court did not err regarding consideration of parol evidence because no ambiguities existed within the release, and the dismissal, which would constitute parol evidence, affirms the intent of the release.
LAW AND ANALYSIS
The plaintiff is correct in stating the law does not require a reservation of rights against solidary co-obligors. "[B]y Acts 1984, No. 331, the Legislature changed the law which had previously required an express reservation of rights when an obligee entered into a compromise with one of several solidary obligors." Weber v. Charity Hosp. of La. at New Orleans, 475 So.2d 1047, 1051 n. 4 (La. 1985).
Under La.C.C. Art. 1803, effective January 1, 1985, the remission of the debt by the obligee in favor of one obligor or the compromise between the obligee and one obligor does not extinguish an obligation which is solidary, but only benefits the other solidary obligors to the extent of the portion of the released obligor. The amendment eliminated the prior requirement of an express reservation of rights, which had been unanimously criticized by French and Louisiana scholars. See comments to La.C.C. Art. 1803.
Id.
However, that does not benefit the plaintiff in this situation. Parties must introduce evidence to support their claims and defenses. Documents attached to pleadings are not evidence. Neither party in this case introduced the settlement document as evidence at the hearing on State Farm's motion.
An appellate court must render its judgment upon the record on appeal. La.C.C.P. art. 2164. Arguments and pleadings are not evidence. In re Melancon, XXXX-XXXX (La.7/10/06), 935 So.2d 661, 666.
A Court of Appeal is a court of record, which must limit its review to evidence in the record before it. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Even after the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was properly filed into the record in the trial court. [Citations omitted.]
Hover v. Farber, 05-613, pp. 3-4 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638.
Except for a motion for summary judgment (where the court may consider the entire record, including pleadings, La. C.C.P. art. 966), or an exception of no cause of action (where the court may consider only the petition, La.C.C.P. art. 931), on any other motion or exception the parties must introduce evidence when necessary to support their arguments. Cf. La.C.C.P. arts. 930, 931, 963. Therefore, the settlement document was not before the trial court.
Considering State Farm's motion solely on the basis of the Full and Final Motion to Dismiss and the order signed by the court on February 7, 2006, we find no error in the trial court's determination that the order dismissed the entire action, including Black's claims against State Farm.
Even if we consider the language of the settlement documents out of an abundance of caution, we find the trial court correctly granted State Farm's motion to dismiss.
The settlement document signed by Black states as follows, in pertinent part:
That the undersigned, ELIZABETH B. BLACK, for the sole consideration of the sum of TWENTY THOUSAND *24 AND NO/100 ($20,000.00) DOLLARS, in hand paid, the receipt of which is hereby acknowledged, do hereby release and forever discharge Dequetta Anderson, Vonetta A. Brown, and all those for whose acts and omissions any of said parties might be responsible, all persons who might be responsible for the acts and omissions of said parties and all of their insurers, including, without limitation, United Services Automobile Association, of and from any and all claims or further claims, or demands of whatsoever kind or nature, for or because of any matter or thing done, omitted, or suffered to be done by Dequetta Anderson, Vonetta A. Brown, and all those for whose acts and omissions any of said parties might be responsible, all persons who might be responsible for the acts and omissions of said parties and all of their insurers, including, without limitation, United Services Automobile Association, prior to and including the date hereof and particularly on account of any and all claims or further claims, which I have or may have for injuries, damages, loss or expenses, regardless of the kind or nature, as a result of the automobile accident which occurred on or about January 22, 2004, on Louisiana Highway 3152 (Clearview Parkway), at or near its intersection with Citrus Boulevard, near Milepost 901.0; a distance of approximately 1.0 miles south of U.S. Highway 61 (Airline Drive), in the Parish of Jefferson, State of Louisiana.
* * *
THE AFORESAID PAYMENT is also received in full compromise and settlement of the matter entitled: Elizabeth B. Black and Karen I. Brown versus Dequetta Anderson, Vonetta A. Brown, United Services Auto Insurance Company and ABC Insurance Company, bearing suit Number 615-553, filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and allotted to Division "E", and I, ELIZABETH B. BLACK, do hereby instruct my counsel of record . . . to execute and file an appropriate motion dismissing said suit, with prejudice, with USAA to pay court costs and filing fees for the bringing of this action.
THE FOREGOING PAYMENT is also received in full compromise and settlement of any and all claims or further claims that I, Elizabeth B. Black, have or may have against the said Dequetta Anderson, Vonetta A. Brown, and United Services Automobile Association, under the policy or policies of insurance issued to or providing insurance coverage to Dequetta Anderson, Vonetta A. Brown, or myself, whether under the liability, medical payment, uninsured or underinsured portion, or any other feature of said policy, or policies as a result of the aforesaid accident. [Boldface and italics in original; underlining added.]
As discussed above, under La.C.C. art. 1803 a transaction or compromise with one obligor does not terminate a solidary obligation, but merely benefits the other solidary obligors for the portion of the released obligor. Nevertheless, a reading of the language in the General Release, Receipt and Settlement Agreement evinces nothing other than an intent to settle and dismiss all claims against anyone arising of the accident made the basis of the lawsuit. In particular, the language of the last paragraph quoted establishes such intent:
. . . full compromise and settlement of any and all claims or further claims that I, Elizabeth B. Black, have or may have against the said Dequetta Anderson, Vonetta A. Brown, and *25 United Services Automobile Association, under the policy or policies of insurance issued to or providing insurance coverage to Dequetta Anderson, Vonetta A. Brown, or myself, whether under the liability, medical payment, uninsured or underinsured portion, or any other feature of said policy, or policies as a result of the aforesaid accident. [Italics added; bold-face in original.]
Accordingly, we find no error in the trial court's ruling. The judgment is affirmed. Costs of this appeal are assessed against the appellant, Elizabeth B. Black.
AFFIRMED.