GRAVOIS, J.
| plaintiff/appellant, Ricky L. Oubre, appeals a summary judgment granted in favor of defendants, the St. Charles Parish Sheriffs Office (“the Sheriffs Office”) and Sheriff Greg Champagne, in his official capacity, dismissing Mr. Oubre’s suit which sought a writ of mandamus and a determination that he was eligible for certain health and life insurance benefits to be paid for by the Sheriffs Office. For the *304 following reasons, we affirm the trial court’s grant of summary judgment in favor of defendants.
FACTS AND PROCEDURAL HISTORY
On January 6, 2015, Mr. Oubre filed suit against the Sheriffs Office and Sheriff Champagne, alleging that as a retiree of the Sheriffs Office, he was entitled to certain health and life insurance benefits to be paid for by the Sheriffs Office for himself and his wife under La. R.S. 13:5554.
The record reflects that Mr. Oubre was employed by the Sheriffs Office almost continuously from October 1, 1982 until he was terminated from the Sheriffs Office on February 8, 2013. Prior to his termination, in late 2012 and early 2013, Mr. Oubre and the Sheriffs Office were engaged in an employment dispute which was ultimately settled in January 2013. The settlement, which was consummated in a January 21, 2013 letter from the Sheriffs Office’s attorney to Mr. Oubre’s former counsel (and which was approved and signed by Mr. Oubre’s former counsel on January 22, 2013) provided that Mr. Oubre would the next day submit in writing his notification and paperwork to the Sheriffs Office confirming that he would be “retiring” approximately four weeks later, on February 17, 2013, and would use his accumulated vacation leave for the final four weeks of his employment with the Sheriffs Office. However, prior to the end of said four-week period, Mr. Oubre was terminated from employment with the Sheriffs Office on February 8, 2013, for alleged misconduct which occurred during said four-week [ aperiod, as detailed in a February 8, 2013 termination letter from the Sheriffs Office to Mr. Oubre.
Mr. Oubre did not reach retirement eligibility age under state law until February 16, 2014 and began receiving pension benefits thereafter once he applied for such benefits and his eligibility status was confirmed by the Louisiana Sheriffs Pension and Relief Fund. However, Mr. Oubre’s application to the Sheriffs Office to receive health and life insurance benefits from the Sheriffs Office, pursuant to La. R.S. 13:5554, was denied by the Sheriffs Office, based upon its determination that under La. R.S. 13:5554(O) and La. R.S. 13:5554(T), an applicant must have retired directly from the Sheriffs Office in order to be eligible for such insurance benefits. The Sheriffs Office took the position that Mr. Oubre had been terminated from the Sheriffs Office, rather than having retired therefrom, and thus was not eligible under La. R.S. 13:5554(O) and La. R.S. 13:5554(T) for said insurance benefits.
In his suit, Mr. Oubre sought a writ of mandamus against Sheriff Champagne ordering him to comply with La. R.S. 13:5554. He also asserted in his petition that he “dispute[d] the reasons given in the papers contained in his records for [his] termination, and [did] not waive any right to dispute the reasons given, but view[ed] those reasons as irrelevant for the present dispute.”
After discovery, defendants filed a motion for summary judgment, asserting their position that under La. R.S. 13:5554(O) and La. R.S. 13:5554(T), an applicant must have retired directly from the Sheriffs Office in order to be eligible for said insurance benefits. Defendants framed the issue as a straight-forward question of statutory interpretation: Does La. R.S. 13:5554(O) and La. R.S. 13:5554(T) require the Sheriffs Office to pay health and life insurance premiums for all former employees entitled to pension benefits, regardless of how the former employee’s |s*employment came to an end, or does it only provide coverage to those *305 employees who retire directly from the Sheriff’s Office?
Mr. Oubre filed an opposition to the motion for summary judgment, arguing that he had a “contract for employment of limited duration” with the Sheriffs Office and that the Sheriffs Office breached the contract by terminating him without “good cause.” He also argued that since he was entitled to receive pension benefits pursuant to La. R.S. 11:2171, et seq., he was also entitled to receive insurance benefits under La. R.S. 13:5554.
In a reply memorandum, the Sheriffs Office argued that the issue of whether Mr. Oubre’s termination from the Sheriffs Office was wrongful was not before the Court in the motion for summary judgment, as Mr. Oubre’s petition asserted that the reasons for his termination were “irrelevant for the present dispute.”
The trial court conducted a hearing on the motion for summary judgment on October 13, 2015, and after taking the matter under advisement, rendered judgment on February 23, 2016 granting the motion for summary judgment, dismissing Mr. Ou-bre’s claims with prejudice. In extensive reasons for judgment issued on January 22, 2016, the trial court found that La. R.S. 13:5554(O) and La. R.S. 13:5554(T) indicate that Mr. Oubre “must be both retired from [the Sheriffs Office] and [be] entitled to receive pension benefits to be entitled to insurance coverage.” The trial court further found that in his petition, Mr. Oubre based his claims on the interpretation of La. R.S. 13:5554, and had “belatedly” attempted to challenge the reasons for his termination in his opposition to the motion for summary judgment, despite initially alleging that those reasons were irrelevant to the suit. The trial court accordingly denied Mr. Oubre’s claims “as a matter of law,” finding that he had not demonstrated that defendants’ denial of the insurance benefits in question was done in bad faith; rather, the denial was based on a correct I.treading of the statutes controlling entitlement to such benefits. This timely appeal followed.
On appeal, in his sole assignment of error, Mr. Oubre argues that the trial court erred in granting defendants’ motion for summary judgment because the parties’ settlement of their employment dispute created a “contract of limited duration employment” from which Sheriff Champagne terminated Mr. Oubre without “good cause,” thus causing him to lose the contested insurance benefits.[1]
ANALYSIS
Summary judgment “shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or *306 more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A de novo review or an appeal de novo is an appeal in | swhich the appellate court uses the trial court’s record but reviews the evidence and law without deference to the trial court’s rulings. Wooley v. Lucksinger, 06-1140 (La.App. 1 Cir. 12/30/08), 14 So.3d 311, 352, affirmed in part, reversed in part and remanded in part, 09-0571 (La. 4/1/11), 61 So.3d 507.
La. R.S. 13:5554(O) provides, in pertinent part:
Notwithstanding the provisions of Subsection D of this Section, the sheriff of St. Charles Parish shall pay out of the sheriffs general fund the premium cost of group insurance for any sheriff or full-time deputy sheriff who has retired from the St. Charles Parish Sheriff’s Office and who is entitled to receive monthly benefits from the Sheriffs Pension and Relief Fund as follows: .... (Emphasis added.)
La. R.S. 13:5554(T) provides:
Effective August 15, 2006, in order for any sheriff, deputy sheriff, or other employee to be eligible to qualify for payment by the sheriff, Sheriffs’ Pension and Relief Fund, or the Louisiana Sheriffs’ Association of premium costs of health benefits upon retirement, each shall have completed the years of service required and have retired directly from either the sheriffs office, the Sheriffs’ Pension and Relief Fund, or the Louisiana Sheriffs’ Association. (Emphasis added.)
Defendants argued in their motion for summary judgment that in order to qualify for the claimed insurance benefits, under La. R.S. 13:5554(O), Mr. Oubre must have both “retired” from the Sheriffs Office and be entitled to receive monthly benefits from the Sheriffs’ Pension and Relief Fund. Mr. Oubre, they argue, did not meet the “retirement” condition because he was terminated from the Sheriffs Office prior to retiring.
Likewise, defendants pointed to La. R.S. 13:5554(T), which requires a recipient of premium costs to have both completed the years of service required and have “retired directly from” the Sheriffs Office. Mr. Oubre does not meet those requirements, they argue, because he did not retire directly from the Sheriffs Office. Instead, he was terminated from the Sheriffs Office.
| flThis Court could find no jurisprudence interpreting La. R.S. 13:5554. Accordingly, we must interpret the statute according to the guidelines discussed previously by this Court, to-wit:
Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for the legislative intent. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. Civ. Code art. 9. However, if a statute is ambiguous or susceptible of more than one reasonable interpretation, statutory construction is necessary.
The function of statutory interpretation and the construction to be given *307 legislative acts rests with the judicial branch of government. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ. Code art. 10. Louisiana Rev. Stat. § 1:3 also provides that, when interpreting the revised statutes, courts shall read and construe statutory words and phrases in their context and in accordance with the common and approved usage of the language. See also La. Code Civ. Proc. art. 5053.
Accordingly, the starting point for the interpretation of any statute is the language of the statute itself, while being mindful that the paramount consideration for statutory interpretation is always the ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law. Therefore, when the apparent meaning of the statute appears doubtful or the language can reasonably be interpreted in more than one manner, courts must search deeper to discover the legislative intent.
(Internal citations omitted.)
BellSouth Telcoms., Inc. v. Bennett Motor Express, L.L.C., 13-438 (La.App. 5 Cir. 12/12/13), 131 So.3d 236, 242-243, quoting Burnette v. Stalder, 00-2167 (La. 6/29/01), 789 So.2d 573, 577.
Upon review, we find that La. R.S. 13:5554(O) and La. R.S. 13:5554(T) are clear and unambiguous as written. La. R.S. 13:5554(O) contains two requirements that are conjunctive (“and”), which means both requirements must be met: a beneficiary must “ha[ve] retired from the St. Charles Parish Sheriffs Office and [be] entitled to receive monthly benefits from the Sheriffs Pension and Relief Fund ....” La. R.S. 13:5554(T), likewise, uses the word “and” when it requires 17that a beneficiary “shall have completed the years of service required and have retired directly from either the sheriffs office, the Sheriffs’ Pension and Relief Fund, or the Louisiana Sheriffs’ Association.” Mr. Oubre’s employment with the Sheriffs Office ended when he was terminated from the Sheriffs Office. He did not retire from the Sheriffs Office. Therefore, he does not qualify for the insurance benefits in question under either La. R.S. 13:5554(O) or La. R.S. 13:5554(T).
As noted above, in his opposition to the motion for summary judgment, Mr. Oubre attempted to place the validity of his termination at issue. However, raising this issue in an opposition memorandum to a motion for summary judgment is procedurally unavailing, especially in light of the assertion made in Mr. Oubre’s petition, that the reasons for his termination are “irrelevant for the present dispute.” The petition itself thus clearly does not raise the issue of wrongful termination.
The thrust of Mr. Oubre’s arguments on appeal is that the settlement agreement he reached with the Sheriffs Office created a “contract of limited duration employment,” which defendants breached when defendants terminated him from employment without “good cause.” However, upon review, we find that Mr. Oubre’s petition did not allege that he had a “contract of limited duration employment” with the Sheriffs Office, nor that his “settlement” with the Sheriffs Office created such an employment contract. Rather, in his petition, Mr. Oubre only asserted, alternatively, that “there is an actual or implied contract for the health and life insurance benefits provided for by La. R.S. 13:5554.” (Emphasis added.) Accordingly, the only issue before the trial court on the motion for summary judgment was whether Mr. Oubre was entitled to post-retirement insurance benefits under La. R.S. 13:5554. As such, we find that *308 the trial court properly refused ⅜0 consider the alleged breach of “contract of limited duration | semployment” claim asserted by Mr. Oubre in his opposition to the motion for summary judgment.
In his opposition to the motion for summary judgment, Mr. Oubre also cited La. R.S. 11:2178, claiming that because he is eligible and entitled thereunder to collect retirement benefits from the Sheriff’s Pension and Relief Fund even though he was terminated from the Sheriffs Office, he is therefore entitled to the full payment of his insurance premiums under La. R.S. 13:5554. This argument also fails. La. R.S. 11:2171, et seq. address only the conditions precedent to a Sheriffs Office employee collecting retirement benefits from the Sheriffs Pension and Relief Fund. La. R.S. 11:2178(C)(2) recognizes explicitly that retirement benefits, though deferred, are available to a deputy who has “separated” from service, rather than “retired” from service.
Further, a provision concerning eligibility for payment of insurance premiums is conspicuously absent from this statute. Eligibility for payment of health and life insurance premiums is addressed, instead, specifically in La. R.S. 13:5554, which clearly and unambiguously has additional requirements, not found in La. R.S. 11:2178, for a previously employed sheriffs employee to receive the insurance benefits in question. Thereunder, Mr. Oubre has met only one of the requirements,'that he is eligible and entitled to receive retirement benefits from the Sheriffs Pension and Relief Fund. He has not met the requirement that he must have “retired” from the Sheriffs Office. Although Mr. Oubre did not “retire” from the Sheriffs Office, but rather was “terminated” from the Sheriffs Office, such fact did not prohibit him from receiving retirement benefits from the Sheriffs Pension and Relief Fund.[2]
- [ ^Accordingly, upon de novo review, we find that- defendants have shown that “there is no genuine issue as to material fact, and that [they are] entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). We thus find that the trial court did not err in granting summary judgment in favor of the Sheriffs Office and Sheriff Champagne.
CONCLUSION
For the foregoing reasons, the trial court’s grant of summary judgment in favor of defendants is affirmed.
AFFIRMED

. In his appellate brief, Mr. Oubre admits that he "no longer disputes that he had to retire from active service in order to receive the medical insurance portion of his retirement.” He thus does not argue for a different interpretation of La. R.S. 13:5554(O) and La. R.S. 13:5554(T) than that found by the trial court. Our de novo review of the trial court’s granting of defendants' motion for summary judgment requires us, however, to review the correctness of the trial court's interpretation of La. R.S. 13:5554(O) and La. R.S. 13:5554(T) in its granting of defendants’ motion for summary judgment which resulted in the dismissal of Mr. Oubre's suit.

. In his petition, Mr. Oubre also asserted claims of "tire torts of conversion by continued possession [of the funds which were to be paid to Mr. Oubre and to others for his benefit] and/or unjust enrichment," and for general and emotional distress damages. In response to the motion for summary judgment, Mr. Oubre presented no evidence or argument in support of these claims. Further, in his opposition to the motion for summary judgment, Mr. Oubre "accede[d] to defen-dantsf] arguments concerning the conversion cause of action and the general or emotional distress damages.” Those claims were thus properly dismissed by the trial court on summary judgment.