WINDHORST, J.
*518 Appellant/plaintiff, Tenisha Clark, seeks review of the trial court's October 30, 2017 judgment,[1] granting an exception of prescription filed by appellee/defendant, Wal-Mart Stores, Inc., and dismissing with prejudice plaintiff's claims against defendant. For the following reasons, we reverse and remand for further proceedings.
Facts and Procedural History
On July 6, 2016, while at defendant's store located at 300 W. Esplanade Avenue, in Kenner, plaintiff allegedly slipped and fell on a wet spot on the floor. As a result of this incident, plaintiff allegedly sustained injuries.
On July 4, 2017, plaintiff filed via facsimile a petition for damages with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson. The Clerk of Court received the facsimile on July 5, 2017. Plaintiff's counsel prepared and mailed via the United States Postal Service, a certified mail package containing the original petition for damages and applicable fees to the Clerk of Court's address listed as P.O. Box 10, Gretna, Louisiana 70054. The certified mail package's return receipt requested card ("green card") was delivered to the P.O. Box address and was signed by Faye Simoneaux on July 13, 2017. On July 14, 2017, the Clerk of Court stamped as filed plaintiff's original petition for damages.
Defendant filed an answer and an exception of prescription. In its exception, defendant argued that plaintiff failed to satisfy the requirements of La. R.S. 13:850 B(1) because plaintiff's original copy was not delivered to and received by the Clerk of Court within seven days of the facsimile filing on July 4, 2017. Defendant contended that plaintiff's original copy was received on July 14, 2017, one day after the applicable seven-day time period, and plaintiff's claim was therefore prescribed.
In response to defendant's exception, plaintiff filed a memorandum in opposition arguing that she complied with La. R.S. 13:850 B because the original petition and applicable fees were mailed to the Clerk of Court via certified mail return receipt requested to the Clerk of Court's listed addressed and it was delivered to the Clerk of Court when the green card was signed by Ms. Simoneaux on July 13, 2017. In support of her opposition, plaintiff attached the affidavit of her counsel, wherein counsel stated that he mailed the original petition and applicable fees via certified mail, return receipt requested, to the address listed on all of the Clerk of Court's communications - Clerk of Court, P.O. Box 10, Gretna, Louisiana 70054 - and the green card was signed by Ms. Simoneaux on July 13, 2017. Plaintiff also attached a copy of the green card and a copy of the Clerk of Court's facsimile filing receipt. After a hearing, the trial court granted defendant's exception of prescription and dismissed plaintiff's claims against defendant. This appeal followed.
Procedural Issue
On March 16, 2018, plaintiff filed a motion to supplement the record on appeal by including an affidavit executed on March 13, 2018, by Ms. Simoneaux, the deputy clerk of court. Plaintiff argues that *519 the affidavit and its attached exhibit are relevant and material to key issues of law before this Court and are required for a complete record.
On March 20, 2018, defendant filed an opposition to plaintiff's motion to supplement, arguing the trial court granted defendant's exception of prescription on October 30, 2017. Defendant contends that the affidavit sought to be included in the record was not previously introduced in the exception of prescription hearing in the trial court. Defendant argues that La. C.C.P. art. 2132 does not permit the introduction of new evidence after an appeal is filed in the appellate court. Further, defendant contends that La. C.C.P. art. 2164 precludes the appellate court from considering new evidence that is not part of the record on appeal. Defendant contends that Ms. Simoneaux's affidavit was not a part of the trial court record as it was executed on March 13, 2018, after the record was lodged for appeal with this Court. Therefore, defendant argues that this Court should deny plaintiff's motion to supplement the record on appeal. This Court referred the motion to the merits of this appeal.
An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164 ; In re Melancon, 05-1702 (La. 7/10/06), 935 So.2d 661, 666. A court of appeal is a court of record, which must limit its review to evidence in the record before it. La. C.C.P. art. 2164 ; Black v. Anderson, 06-891 (La. App. 5 Cir. 3/13/07), 956 So.2d 20, 23, writ denied, 07-0794 (La. 6/1/07), 957 So.2d 180. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Hover v. Farber, 05-613 (La. App. 5 Cir. 1/31/06), 922 So.2d 637, 638. Even after the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was properly filed into the record in the trial court. La. C.C.P. art. 2132[2] ; Nuccio v. Robert, 99-1327 (La. App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La. 06/30/00), 766 So.2d 544.
Our review of the record establishes that the affidavit was not introduced into evidence or before the trial court at the hearing on the exception of prescription. Moreover, the affidavit itself shows that it was not executed until after judgment was rendered and the record was lodged for appeal with this Court. Accordingly, we deny plaintiff's motion to supplement the record.
Discussion
Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. Carter v. Haygood, 04-0646 (La. 1/19/05), 892 So.2d 1261, 1268. Prescription commences to run from the date of the injury or damage sustained. La. C.C. art. 3492. The burden of proving prescription ordinarily lies with the party raising the exception, but when prescription is evident on the face of the pleadings, the burden *520 shifts to the plaintiff to show that the action has not prescribed. Maestri v. Pazos, 15-9 (La. App. 5 Cir. 5/28/15), 171 So.3d 369, 371 (citing In re Noe, 05-2275 (La. 5/22/07), 958 So.2d 617, 621-622 ). Evidence may be introduced to support or controvert an exception of prescription. La. C.C.P. art. 931 ; In re Noe, 958 So.2d at 622. When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. Tenorio v. Exxon Mobil Corp., 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 273. The issue for a reviewing court to resolve when faced with a factual finding is not whether the trier of fact was right or wrong, but whether the conclusion of the trier of fact was a reasonable one. Wooley v. Lucksinger, 09-0571 (La. 4/1/11), 61 So.3d 507, 554. Where two permissible views of the evidence exist, the trier of fact's choice between them cannot be manifestly erroneous or clearly wrong. Id.
La. R.S. 13:850, which provides the procedure for facsimile transmission of pleadings and filings in civil cases, was amended by 2016 La. Acts, No. 109, effective August 1, 2016, ordinary session, and now provides in part:
A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.
B. Within seven days , exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:
(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.
(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.
(3) A transmission fee of five dollars.
C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)
In her first assignment of error, plaintiff contends under the ordinary and unambiguous meaning of the word "deliver," the trial court erred in equating the word "delivered" with the term "filed." Plaintiff argues that under the plain and ordinary meaning of the word "delivered," she satisfied the requirements of *521 La. R.S. 13:850 because the certified mail green card establishes that the original petition was timely delivered to the Clerk of Court's listed address on July 13, 2017, within seven days, rendering the petition timely as required by La. R.S. 13:850 B.
Defendant contends plaintiff's claim is prescribed because, at the trial court level, it was undisputed that the last day to timely file plaintiff's original petition was Thursday, July 13, 2017. Specifically, defendant contends plaintiff's petition was not delivered to the Clerk of Court until Friday, July 14, 2017, as evidenced by the date and time stamped on the original petition, and thus, plaintiff's petition is prescribed on its face. Defendant argues that the green card indicates that the original petition was sent to an incorrect address, instead of 200 Derbigny Street, Gretna, Louisiana 70053, and was received by someone who picked up the mail at the P.O. Box on July 13, 2017. Defendant clams, therefore, that the trial court correctly granted the exception of prescription.
There is no current jurisprudence interpreting La. R.S. 13:850 B as amended by 2016 La. Acts, No. 109, ordinary session. Subsection B provides that "Within seven days , exclusive of legal holidays, after the clerk of court receives the facsimile filing," the appropriate documents "shall be delivered " to the clerk of court's office. The prior version of subsection B provided that a party "shall forward " the appropriate documents and fees to the clerk of court's office.[3] In interpreting the prior version, the Louisiana Supreme Court in Hunter v. Morton's Seafood Rest. & Catering, 08-1667 (La. 3/17/09), 6 So.3d 152, 156, held that to "forward" a document as required by La. R.S. 13:850 B, a litigant "must only send " the original petition within the time period provided in the statute and did not include "the concept of 'delivery' or 'receipt.' " Id. Thus, under this analysis of the prior version, the original petition did not have to be received by the clerk of court within seven days of the original facsimile. Id.
The only issue before this Court is whether plaintiff's original petition was "delivered" to the Clerk of Court within the seven days as required by the amended version of La. R.S. 13:850 B. Questions of law, such as the proper interpretation of a statute, are reviewed under the de novo standard of review. City of Gretna v. Morice, 14-301 (La. App. 12/30/14), 167 So.3d 823, 827. The starting point for the interpretation of any statute is the language of the statute itself. Oubre v. St. Charles Parish Sheriff's Office, 16-409 (La. App. 5 Cir. 12/14/16), 209 So.3d 302, 307 ; Hunter, 6 So.3d at 155. When a law is clear and *522 unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9 ; La. R.S. 1:4. When interpreting the revised statutes, courts shall read and construe statutory words and phrases in their context and in accordance with the common and approved usage of the language. La. R.S. 1:3 ; see also La. C.C.P. art. 5053. Those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, and with knowledge of the effect of their acts and a purpose in view. Hunter, 6 So.3d at 155-156.
In evaluating the proper interpretation of La. R.S. 13:850 B, we considered the common and approved usage of the word "deliver." Black's Law Dictionary (6th Ed. 1990) defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another." The word "deliver" is defined in the Webster's II New Riverside Dictionary as "[t]o take to the intended recipient < deliver mail>."[4] Webster's New Universal Unabridged Dictionary defines "deliver" as "to give or transfer; to put into another's possession or power; to commit; to pass from one to another.... to give out; distribute; as, deliver the mail."[5] Deliver is also defined as "to take and hand over to or leave for another: convey." Merriam-Webster.com. Merriam-Webster, n.d. Web. 16 Apr. 2018. Oxford Dictionary further defines "deliver" as to "bring and hand over (a letter, parcel, or goods) to the proper recipient or address." Oxforddictionaries.com, "Deliver" (04/26/18).
Upon our de novo review, considering the clear and unambiguous meaning of the word "delivered" and the circumstances of this case, we find that plaintiff's original petition and applicable fees were "delivered" to the Clerk of Court when the green card for plaintiff's certified mail - addressed to the Clerk of Court at P.O. Box 10, Gretna, Louisiana 70054[6] - was signed and placed in the possession of Ms. Simoneaux on July 13, 2017. We find the trial court was manifestly erroneous in finding that plaintiff's original petition was not timely under La. R.S. 13:850 B and in granting defendant's exception. Accordingly, we reverse the trial court's judgment granting defendant's exception of prescription and remand for further proceedings.
In her second assignment of error, plaintiff contends alternatively, that the trial court erred in failing to count seven days from July 5, 2017, the date the faxed petition was "filed" into the record, instead of counting from July 4, 2017, the date the faxed petition was "received" by the Clerk of Court.
An appellate court must render its judgment upon the record on appeal.
*523 La. C.C.P. art. 2164 ; Black, 956 So.2d at 23. Appellate courts will not consider issues raised for the first time on appeal, which are not pleaded in the court below and which the trial court has not addressed. Lepine v. Lepine, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 673 ; First Bank & Trust v. Treme, 13-168 (La. App. 5 Cir. 10/30/13), 129 So.3d 605, 610 ; Geiger v. State ex. Rel. Dept. of Health and Hosp., 01-2206 (La. 4/12/02), 815 So.2d 80, 86.
Whether the trial court erred in declining to count seven days from July 5, 2017, instead of July 4, 2017, was never addressed as a contested issue before the trial court. Accordingly, this issue is not properly before this Court on appeal.
Conclusion
For the reasons stated herein, the trial court's October 30, 2017 judgment is hereby reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED

The trial court provided written reasons for judgment on November 14, 2017.

La. C.C.P. art. 2132 provides:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

The prior version of La. R.S. 13:850 provided in part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed was the same force and effect as the original.
B. Within seven days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

Webster's II New Riverside Dictionary Revised Edition (1996) at p. 185.

Webster's New Universal Unabridged Dictionary (1983) at p. 481.

At the hearing on the exception of prescription, the trial court accepted into evidence plaintiff's counsel's uncontradicted affidavit stating that he properly mailed the original petition and applicable fees to the Clerk of Court's address listed on all its communications as P.O. Box 10, Gretna, Louisiana 70054. Plaintiff also submitted into evidence the green card addressed to the Clerk of Court and signed by Faye Simoneaux. Defendant did not submit any evidence to dispute counsel's evidence that the P.O. Box 10 address was a correct address for the Clerk of Court, or that the applicable fees were not paid.