## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-668

**BRANDOL KING**

**VERSUS**

**DAVID M. MCCOY, M.D.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 264,593
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, John E. Conery, Van H. Kyzar, and Jonathan W. Perry, Judges.

**PERRY, J., dissents and assigns reasons.**

                                              **REVERSED AND REMANDED.**

T. Taylor Townsend
P. O. Box 784
Natchitoches,, LA 71458-0784
Telephone:  (318) 238-3612
COUNSEL FOR:
       Plaintiff/Appellant – Brandol King

Sarah S. Couvillon
Randall M. Seeser
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone:  (318) 445-6471
COUNSEL FOR:
       Defendant/Appellee – David M. McCoy, M.D.

**THIBODEAUX, Chief Judge.**

This case arises from a medical malpractice claim. Plaintiff, Brandol King, and Defendant, Dr. David M. McCoy, are in dispute over whether Plaintiff's original petition was timely filed following a facsimile filing pursuant to La.R.S. 13:850. The trial court granted Defendant's Peremptory Exception of Prescription because it concluded that the original was not filed as statutorily required within seven days of the facsimile filing. Mrs. King now asserts that the trial court erred in granting Dr. McCoy's Peremptory Exception of Prescription. For the following reasons, we reverse the trial court's judgment and find Mrs. King's medical malpractice suit has not prescribed.

I.

**ISSUES**

We must decide whether the trial court manifestly erred in granting Defendant-Appellee's peremptory exception of prescription.

II.

**FACTS AND PROCEDURAL HISTORY**

Pursuant to the Louisiana Medical Malpractice Act, Plaintiff, Brandol King, timely filed a request to form a medical review panel on March 13, 2017,[1] naming Dr. David M. McCoy as Defendant. On November 29, 2018, the Medical Review Panel rendered an opinion in favor of Dr. McCoy, finding no breach of the

---

[1]We note that Plaintiff-Appellant's brief suggests that the request to form a medical review panel was made on March 16, 2017, however a copy of the request form in the record clarifies that the request was filed and stamped with the Division of Administration Commissioner's Office on March 13, 2017.

standard of care in his treatment of Mrs. King. On December 31, 2018, Mrs. King received a copy of the panel opinion via certified mail.

On March 21, 2019, Mrs. King fax-filed a Petition for Damages arising out of her medical malpractice claim. The facsimile transmission was received by the Clerk of Court on March 21, 2019, at 3:19 P.M. However, it was not stamped as being received until March 22, 2019 at 9:04 A.M. due to a water leak that occurred in downtown Alexandria, Louisiana.[2] Mrs. King and Dr. McCoy agree over the facts up to this point; there is a dispute, however, over the date on which Mrs. King's original petition was filed with the Clerk of Court.

Mrs. King alleges that on March 22, 2019, the original petition was hand-delivered by a paralegal to the Clerk of Court in Rapides Parish and the requisite filing fee was paid. According to Mrs. King, this hand-delivered pleading was stamped as being received by the Clerk of Court on March 22, 2019, at 11:04 A.M. However, Dr. McCoy alleges that the original copy of the pleading was delivered to and placed in possession of the Clerk of Court on April 10, 2019, which is the date the petition was stamped as filed by the Clerk of Court. The prescriptive date was April 7, 2019. On April 16, 2019, Dr. McCoy was served with a copy of Mrs. King's Petition for Damages.

Dr. McCoy filed a Peremptory Exception of Prescription alleging that the petition filed on March 21, 2019, was untimely because the original petition was not received by the court until April 10, 2019, which was three days after the applicable prescriptive date, and more than seven days after the March 21, 2019 fax-filing. After a hearing, the trial court granted Dr. McCoy's Peremptory

---

[2]On March 21, 2019, at 2:00 P.M., Rapides Parish Clerk of Court's office had an emergency closure due to a water leak that caused hazardous working conditions for employees.

Exception of Prescription and dismissed Mrs. King's claims against Dr. McCoy. Mrs. King now appeals, arguing that the trial court erred in granting Dr. McCoy's exception under La.R.S. 13:850.

## III.

## STANDARD OF REVIEW

In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court's findings of fact were manifestly erroneous. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261. Similarly, the trial court's fact finding regarding prescription should not be reversed without a finding of manifest error because the issue before the court is not whether the fact finder is right or wrong, but whether the fact finder reached a reasonable conclusion. *Turnbell v. Thensted*, 99-25 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, *writ denied*, 00-1502 (La. 8/31/01), 766 So.2d 1277, and *writ denied*, 00-1503 (La. 8/31/00), 766 So.2d 1278. Generally, courts are required to strictly construe prescriptive statutes against prescription and in favor of the obligation sought to be extinguished. Therefore, of two possible constructions, we adopt the one that favors maintaining, as opposed to barring, the action. *Carter*, 892 So.2d 1261.

## IV.

## LAW AND DISCUSSION

Louisiana Revised Statutes 13:850 provides the procedure for facsimile transmission of pleadings and filings in civil cases and states:

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to

3

accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of these fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. *Within seven days*, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following *shall be delivered* to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission. (Emphasis added.)

Mrs. King contends that the petition for damages was timely filed pursuant to La.R.S. 40:1231.8,[3] and the requisites of La.R.S. 13:850 were complied with. Furthermore, she asserts that the trial court erred in determining that the

---

[3]Pursuant to the prescriptive statutes applicable to Medical Malpractice with regard to the filing of a petition in District Court, Mrs. King had ninety (90) days after receipt of the panel opinion, or until April 7, 2019, to file suit in District Court. *See*, La.R.S. 40:1231.8(A)(2)(a).

claims of her petition were prescribed. After an evaluation of the record, we determine that the trial court manifestly erred and that Mrs. King timely delivered the original petition following the facsimile copy of the petition.

The objective record evidence supports our conclusion. The evidence establishes that Mrs. King submitted a Civil Case Cover Sheet to the Rapides Parish Clerk of Court in accordance with La.Dist.Ct.R. 9.4, App. 9.4. Rule 9.4 states, "All civil and domestic petitions must include a Civil Cover Sheet which shall be filed with the Clerk of Court." Further, "[The] cover sheet **must be placed on top of the petition** or motion so it is easily identifiable by all persons handling such paperwork" (alteration in original) (emphasis added). The Civil Case Cover Sheet in the record states that the cover sheet "[s]hall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant . . . **and submitted with the original petition filed with the court**" (alteration in original) (emphasis added). Mrs. King fax-filed the petition, submitted the Civil Case Cover Sheet, and paid the requisite filing fee all within the prescriptive period set forth in La.R.S. 13:850. Thus, a commonsensical approach and a reasonable inference flowing from La.Dist.Ct.R. 9.4 highly suggest that Mrs. King attached the original petition for damages to the Civil Case Cover Sheet at the time of its submission in accordance with local court rules.

In addition to the submission of the Civil Case Cover Sheet, Mrs. King's counsel sent Rapides Parish Clerk of Court a fax letter attached to the petition requesting the petition be fax-filed. Mrs. King's counsel requested confirmation of the filing to be faxed to his office along with the amount of advanced costs needed for filing. The letter also indicated the original petition and a check for filing costs would be forwarded upon receipt of the confirmation. This

letter was stamped as received on March 22, 2019. On the same day, Rapides Parish Clerk of Court faxed a receipt of the filing to Mrs. King's counsel. The fax receipt included the assigned suit number 264,593A and provided the amount of $405.00 due for filing.

Moreover, the record contains a receipt of payment provided by Rapides Parish Clerk of Court to Mrs. King. The receipt of payment given to Mrs. King displays the suit number assigned to the case, as well as the amount paid and the date of March 22, 2019. It is impossible to surmise why the original petition was not stamped as filed until April 10, 2019. A reasonably prudent person, however, could conclude that the original petition was delivered and received by the Clerk of Court on the same day the filing fee was paid and the Civil Case Cover Sheet submitted.

We recognize that April 10, 2019 is the only date stamp on the original petition. *Clark v. Wal-Mart Stores, Inc.*, 18-52 (La.App. 5 Cir. 10/31/18), 259 So.3d 516, however, established that the date on which the original petition is stamped as filed is not conclusive when other objective evidence would militate against that. The plaintiff in *Clark* fax-filed a petition for damages on July 4, 2017, and the clerk of court received the facsimile on July 5, 2017. Plaintiff's counsel then mailed a certified mail package containing the original petition for damages and applicable fees to the clerk of court's listed address. The certified mail package's return receipt requested card was delivered to the address and signed by an employee at the clerk of court's office on July 13, 2017, one day before the requisite time period under La.R.S. 13:850. However, the clerk of court did not stamp the plaintiff's original petition as filed until July 14, 2017.

6

Instead of looking directly to the date on which the original petition was stamped as filed, the court in *Clark* relied on the circumstances of the case and the proof of delivery provided in the record. The factors surrounding the filing of the petition compelled the court to determine that the plaintiff's original petition was delivered and received on July 13, 2017 and deemed timely under La.R.S. 13:850. Specifically, the court considered the clear and unambiguous meaning of the word "delivered" in La.R.S. 13:850, as well as the date on which the green card for the plaintiff's certified mail was signed and placed in possession of the employee at the clerk of court's office.

Here, we rely on the facts and circumstances provided in the record and buttressed by the legal principle of interpreting prescriptive statutes against prescription and in favor of maintaining the action.

V.

## CONCLUSION

For the foregoing reasons, we find that the trial court erred in granting Dr. McCoy's Peremptory Exception of Prescription. Therefore, Mrs. King's medical malpractice suit has not prescribed.

**REVERSED AND REMANDED.**

**BRANDOL KING**

**VERSUS**

**DAVID M. MCCOY, M.D.**


**PERRY, Judge, dissenting.**

I disagree with the decision to reverse the trial court's judgment granting the exception of prescription. The evidence upon which the trial court based its ruling consisted of the facsimile petition stamped by the Clerk of Court as filed and recorded on March 22, 2019, and the original petition stamped by the Clerk of Court as filed and recorded on April 10, 2019. While the Civil Cover Sheet and receipt of payment may imply an attempt was made, they do not prove the original petition was delivered. The only evidence signifying when an original was delivered to and received by the Clerk of Court is the petition stamped as being received on April 10, 2019.

It is my opinion the trial court was not clearly wrong to conclude the evidence does not prove the original petition was delivered to the Clerk of Court within the requisite time period under La.R.S. 13:850(B). Thus, I respectfully dissent.